# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OSCAR ONEAL HIGGINBOTTOM,

           Plaintiff,

v.

MICHAEL DAVID GRAVELY,
REBECCA MATOSKA-MENTINK,
DANIEL BANDI, and JEREMY
DEWITT,

           Defendants.

Case No. 20-CV-1147-JPS

**ORDER**

    Plaintiff Oscar Oneal Higginbottom, an inmate confined at the Oakhill Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion to stay, as well as screens his complaint.

    This case was previously assigned to Magistrate Judge Stephen C. Dries. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 29, 2020, Magistrate Judge Dries ordered Plaintiff to pay an initial partial filing fee of $6.50. (Docket #5). Plaintiff paid that fee on August 18, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff sues Kenosha County Deputy District Attorney Michael David Gravely ("Deputy DA Gravely"), Kenosha County Clerk of Court Rebecca Matoska-Mentink ("Clerk of Court Matoska-Mentink"), Kenosha County Sheriff's Department Detective Daniel Bandi ("Detective Bandi"), and Kenosha County Sheriff's Department Officer Jeremy DeWitt ("Officer DeWitt"), collectively ("Defendants").

Plaintiff alleges that on August 12, 2014, Detective Bandi and Officer DeWitt submitted an improper criminal complaint to Deputy DA Gravely to review for probable cause on a robbery charge. Deputy DA Gravely allegedly submitted improper documents to Clerk of Court Matoska-Mentink and sought her signature to proceed with the prosecution.

On June 12, 2015, Plaintiff appeared in court before Kenosha County Circuit Court Judge Michael Wilk on the robbery charge in Case Number 2014CF001077. Judge Wilk asked Deputy DA Gravely why no investigation sheet was present and Gravely did not respond. Judge Wilk asked if the

investigator of the claim was present and Detective Bandi stood up and stated his name for the record. Judge Wilk asked Detective Bandi if an investigation was performed and he said no and that they "went off [Plaintiff's] prior criminal history." (Docket #1 at 5). Judge Wilk allegedly said, "you can't do that, to do so is a violation of double jeopardy." (*Id.*) Deputy DA Gravely left the court hearing without withdrawing the claim against Plaintiff. Detective Bandi, Clerk of Court Matoska-Mentink, and Officer DeWitt did not withdraw the claim against Plaintiff.

Plaintiff contends that Defendants violated his constitutional rights. He seeks relief compelling Defendants to "stop the action of this judgment" in Kenosha County Case Number 2014CF001077; injunctive relief directing Defendants to refrain from future unconstitutional conduct; compensatory and punitive damages for his unjust conviction and imprisonment; dismissal of the judgment of conviction; and immediate release.[1]

**2.3  Analysis**

Plaintiff contends that his criminal conviction violates his constitutional rights. He seeks release from prison, expungement of his criminal conviction, and damages. However, Plaintiff cannot obtain release from confinement with a civil rights case. "[T]he writ of habeas corpus [is] the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, to the extent Plaintiff wants to be released from prison, he must seek such relief by filing a petition for a writ of habeas

---

[1]Wisconsin court records indicate that on January 22, 2015, Plaintiff pled guilty to a violation of Wis. Stat. § 943.32(1)(b) (Robbery with Threat of Force) and that on June 11, 2015, he was sentenced to state prison for five years and extended supervision for five years. *See* wcca.wicourts.gov (last visited November 9, 2020).

corpus after he has exhausted his state court remedies.² The Court will mail Plaintiff a guide for unrepresented litigants, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

That leaves Plaintiff's request for monetary damages. Plaintiff cannot at this time proceed on a constitutional claim for damages because of the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes omitted). If the Court ruled in Plaintiff's favor, in effect it would be ruling that his conviction or sentence was unconstitutional. Plaintiff's conviction and sentence have not been

---

²The Court will deny Plaintiff's motion to stay (Docket #10) as moot because he is seeking relief properly obtained through a writ of habeas corpus, not his current civil rights action.

invalidated; indeed, he is currently incarcerated under that sentence. Thus, he cannot sue for damages under § 1983 based on his alleged unconstitutional confinement.

The Court will dismiss this case without prejudice. *See Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) (dismissals under *Heck v. Humphrey* are without prejudice). Plaintiff may wish to file a petition for habeas corpus. If he does, Plaintiff is advised that: (1) this Court is not now making a decision on the merits of any habeas case that he may file; (2) after he first exhausts his state court remedies, he may refile under the proper legal label—that is, a petition for a writ of habeas corpus—subject to the normal rules, such as those prohibiting frivolous lawsuits; and (3) refiling under the proper label will probably have certain consequences, including that any successive petition for a writ of habeas corpus will be subject to the restrictions on second or successive petitions. *See Glaus*, 408 F.3d at 390. Along with this Order, the Court will mail Plaintiff a form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

3. **CONCLUSION**

As stated above, Plaintiff cannot obtain release from confinement with a § 1983 civil rights case. Instead, he must seek that relief via a Petition for Writ of Habeas Corpus. Further, Plaintiff's monetary relief must be denied under *Heck*. Thus, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay (Docket #10) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.50 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and related Guide; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for

Page 7 of 8
Case 2:20-cv-01147-JPS   Filed 11/12/20   Page 7 of 8   Document 11

relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 8 of 8
Case 2:20-cv-01147-JPS   Filed 11/12/20   Page 8 of 8   Document 11